UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| PALAXAR GROUP, LLC, <br><br> and <br><br> PALAXAR HOLDINGS, LLC, <br><br>   Plaintiffs, <br><br> v. <br><br> SHANE WILLIAMS, *et al.*, <br><br>   Defendants. | Civil Action No. 3:13-CV-641 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion for Extension of Time for Filing Reply Briefs ("Motion for Extension") (ECF No. 79) filed by Defendants Broad and Cassel, P.A., Roy Kobert, Todd Norman, and Nicolette Vilmos (collectively, "Broad Defendants"), and a corresponding Motion to Strike Defendants' Reply Memoranda as Untimely ("Motion to Strike") (ECF No. 100) filed by Plaintiffs Palaxar Group, LLC and Palaxar Holdings, LLC (collectively, "Palaxar"). For the reasons that follow, the Court will GRANT the Motion for Extension and DENY the Motion to strike.

1. **Background**

On September 18, 2013, Palaxar filed suit against the Broad Defendants and twenty-one other defendants claiming various tortious injuries arising from the defendants' alleged tortious interference, business conspiracy, and malicious prosecution. On January 28, 2014, the Broad Defendants filed three motions: one to dismiss for lack of jurisdiction, one to dismiss for failure to state a claim, and one to transfer this action to the Middle District of Florida (collectively, "Broad Motions"). Palaxar responded to each of these motions on February 11, 2014. On Thursday, February 13, 2014, the Court was closed due to inclement weather, and the Court

opened after a two-hour delay on Friday, February 14, 2014. The following Monday, February 17, 2014 was a federal holiday, extending by one day the deadline for timely submissions that otherwise would have expired on February 17. *See* Fed. R. Civ. P. 6(d); E.D. Va. Loc. Civ. R. 7(F)(1). Because of this federal holiday, the deadline for the Broad Defendants to file replies to the Broad Motions was Tuesday, February 18, 2014.

The Broad Defendants, however, did not file timely replies. On Wednesday, February 19, 2014, the Broad Defendants contacted Palaxar and requested an agreed extension, which Palaxar refused. Later that day, the Broad Defendants filed their Motion for Extension, as well as replies to each of the Broad Motions. On February 26, 2014, Palaxar filed a memorandum in opposition to the Broad Defendants' Motion for Extension, as well as its Motion to Strike the replies that are the subject of the Motion for Extension. Both the Motion for Extension and the Motion to Strike are now ripe.

2. **Discussion**

The Court may grant Motion for Extension and deny the Motion to Strike if the Broad Defendants' one-day delay was caused by excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). In making its decision, courts generally consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Tobey v. Keiter, Stephens, Hurst, Gary & Shreaves*, No. 3:13-CV-315, 2014 WL 61325 (E.D. Va. Jan. 7, 2014) (citing *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996)).

In their Motion for Extension, the Broad Defendants concede that the delay was within their control, but argue that it was caused in part by the complexity of the issues presented, the inclement weather, and the federal holiday. They further assert that the one-day delay caused no merit-based prejudice to Palaxar or impact on these judicial proceedings, and that the Motion for Extension and corresponding replies were filed in a good faith effort to minimize the

possibility of prejudice to Palaxar.

Palaxar argues that "[i]gnorance of when a time period expires does not qualify as excusable neglect, nor does a busy schedule, lack of diligence, inadvertence, or other manifestations of carelessness and laxity." *Key v. Robertson,* 626 F. Supp. 2d 566, 577-578 (E.D. Va. 2009) (quoting *Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.,* Civ. Action No. 3:06cv264, 2006 WL 1720681, at *4 (E.D. Va. June 20, 2006)). Palaxar asserts that under this standard, none of the excuses given by the Broad Defendants—weather delay, national holiday, and forgetting the deadline—constitute excusable neglect. As such, they request that the Motion for Extension be denied and the Motion to Strike be granted. *See Pinpoint IT Services, L.L.C. v. Atlas IT Export,* 812 F. Supp. 2d 710, 723 (E.D. Va. 2011) (striking an opposition memorandum filed twelve days late and without leave of the court).

Notably, Palaxar does not appear to cite any cases in which a filing was struck for a one-day delay and each of the cases cited by Palaxar is distinguishable on its facts. For example, in *M. Shanken Communication, Inc. v. Variant Events, LLC*, No. 3:10-cv-00804, 2011 WL 2078007 (E.D. Va. May 25, 2011) (Spencer, J.), the document at issue was filed seven days late and no motion for extension was ever made pursuant to Rule 6(b). In *Key v. Robertson*, 626 F. Supp. 2d 566 (E.D. Va. 2009), the movant requested an extension three days after the deadline expired, but failed to attach a memorandum in support as required by Local Civil Rule 7(F)(2) and later failed even to meet the new deadline that he requested in his motion. In *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787 (E.D. Va. 2013), the document at issue was filed five days after time expired without a prior motion for extension and without referencing or excusing its tardiness. In *Rossman v. Lazarus*, No. 1:08-CV-316, 2008 WL 4550579 (E.D. Va. Oct. 7, 2008), the movant filed the disputed document five days late and explained his delay only by arguing that he initially had not intended to file a response, but changed his mind after the deadline had expired. Finally, in *Pinpoint IT Services, L.L.C. v. Atlas IT Export,* 812 F. Supp. 2d 710, 723 (E.D. Va. 2011), the document at issue was filed twelve days late and no motion for extension

was ever made pursuant to Rule 6(b).

Although the Broad Defendants have conceded that their one-day delay was the result of inadvertence and was within their control, their admitted neglect is excusable on the balance of the equities. The Supreme Court has stated that the determination of whether neglect may be excused under Rule 6(b) is an equitable determination in which the Court must take into account "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1992). Although the most important factor in this calculation is the reason for the delay in filing, other relevant factors include the danger of prejudice, length of delay and potential impact, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith. *Thompson*, 76 F.3d at 533-34. In this case, the Broad Defendants' one-day delay is minimal, and has had neither prejudice nor impact on these judicial proceedings; although Palaxar must now rebut arguments not previously presented in the Broad Defendants' filings, this is not prejudice that resulted from the Broad Defendants' *delay*. Further, the Broad Defendants have engaged in conduct consistent with an inadvertent mistake and a good faith effort to remedy that mistake: although the parties could not resolve this issue without court intervention, the communications between the parties have been diligent and cordial.

Finally, although the reason for the Broad Defendants' delay was admittedly within their control, the Supreme Court has rejected a formulation of Rule 6(b) that would have required movants to be "sufficiently blameless" in order to warrant deadline extensions. *See Pioneer*, 507 U.S. at 395 n.14 (rejecting a bright-line rule that would "erect[] a rigid barrier against late filings attributable in any degree to the movant's negligence"). As another court of this district has reasoned, "[f]or 'excusable' to have meaning, there must be a circumstance where failure to do that which was within ones control is later allowed by a court." *Gilyard*, 367 F. Supp.2d at 1011. If a one-day inadvertent delay in filing cannot be excused despite a lack of prejudice, impact, or bad faith, it seems unlikely that any delay within the control of a tardy litigant could be excused.

### 3. **Conclusion**

For the foregoing reasons the Court GRANT will the Motion for Extension and DENY the Motion to Strike.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order will issue.

> _____/s/_____
> James R. Spencer
> United States District Judge

ENTERED this ___19th___ day of March 2014.