IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


PALAXAR GROUP, LLC;
a Virginia Limited Liability Company;
PALAXAR HOLDINGS, LLC                    Case No. 6:14-CV-758-ORL-28GJK
a Virginia Limited Liability Company;

     Plaintiff,

v.

SHANE WILLIAMS, et al.,

     Defendants.

_____/

**BROAD DEFENDANTS' UNOPPOSED MOTION TO STAY REQUIREMENTS OF
INITIAL RULE 26 DISCLOSURES AND DISCOVERY PENDING RULINGS
ON THE PENDING RULE 12 MOTIONS TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION AND MOTIONS TO DISMISS FOR FAILURE
TO STATE A CLAIM AND SUPPORTING MEMORANDUM OF LAW**


     Defendants Broad and Cassel, a Florida general partnership (hereinafter "Broad"), Todd

Norman ("Norman"), Roy Kobert ("Kobert"), and Nicolette Vilmos ("Vilmos") (collectively,

"Broad Defendants"), move to stay compliance with Rule 26 disclosure requirements and

discovery in this lawsuit filed by Plaintiffs Palaxar Group, LLC, a Virginia Limited Liability

Company, and Palaxar Holdings, LLC, a Virginia Limited Liability Company (collectively,

"Palaxar"). The Broad Defendants seek this stay pending resolution of their motion to dismiss

for lack of subject matter jurisdiction under the Barton Doctrine (DE 38, 39, 64, 65, 90, 93, 103),

and their motion to dismiss for failure to state a claim upon which relief can be granted pursuant

to Rule 12b6 of the Federal rules of Civil Procedure (DE 24, 27, 28, 71, 83).  Plaintiffs do not oppose this request for a stay and all defendants agree to it.  All parties agree that the parties' and Court's resources will best be conserved if there is a stay pending a ruling on the outstanding Rule 12 motions.

### BROAD DEFENDANTS' MOTION AND GROUNDS FOR A STAY

The Broad Defendants' motion to dismiss under the Barton Doctrine asserts that subject matter jurisdiction is lacking because Plaintiffs did not receive permission from the bankruptcy court to sue the Broad Defendants, who are being sued for actions undertaken in their capacity as post-confirmation litigation counsel for the liquidating debtor.[1]  As discussed below, the burdens of making Rule 26 disclosures and of discovery are anathema to the policies behind the Barton Doctrine, one of which is to prevent a Barton protected party from being subjected to the burdens of litigation unless a plaintiff first receives permission from the bankruptcy court to proceed against that Barton protected party.  In contrast, a stay until the pending Rule 12 motions are decided would promote the policies supporting the Barton Doctrine.

The Broad Defendants' motion to dismiss for failure to state a claim raises numerous potentially case dispositive grounds for dismissal with prejudice, including the defenses of litigation immunity, the bar of res judicata, the statute of limitations, and the failure and inability to state a claim under Virginia and Florida law.  Most of the remaining Defendants have variously raised the same defenses raised by the Broad Defendants in their motion to dismiss for failure to state a claim.

---

[1] Defendant Robert Cuthill, Jr. ("Cuthill") has also filed a motion to dismiss asserting a lack of subject matter jurisdiction under the Barton Doctrine.  In fact, the Broad Defendants have joined Cuthill's motion.

As noted in the Broad Defendants' pending motions to dismiss, the allegations made against the Broad Defendants with respect to allegations directed at Palaxar are largely based on their alleged actions after they appeared as post confirmation litigation counsel for the liquidating debtor, Mirabilis Ventures Inc. ("Mirabilis"), who was the plaintiff in Case No. 6:07-civ-1788 (DE 1 ¶¶ 22, 23, 24, 138 -148, 143, 145, 151-153, 156- 158, 167, 183-192, 244, 247, 249, 253, 261D, 261G, 276, 284).[2]   That is the basis for the Broad Defendants' arguments that subject matter jurisdiction is lacking under the Barton Doctrine.[3]   That is also the basis for the assertions of the defenses of litigation immunity under Florida law and Virginia law.[4]   A stay is appropriate because if subject matter jurisdiction is lacking or the basis of this lawsuit is conduct which is immune from suit, then disclosures and discovery would be wasteful of the parties' (and potentially the Court's) resources.[5]

For a procedural history of this case, the Broad Defendants refer the Court to the

---

[2] The Broad Defendants later appeared for Plaintiff Nexia Strategy Corp. ("Nexia"), when the bankruptcy court determined that Mirabilis owned Nexia's claim against Palaxar (DE 24-1, 24-9, 24-10).

[3] Other allegations are directed to the Broad Defendants' alleged advice concerning the filing of the bankruptcy by Mirabilis and the filing of the bankruptcy.  While the Broad Defendants assert that the exhibits to the Complaint contradict Plaintiffs' assertions as to these allegations (DE 81-1, Excerpt of DE 1, Ex. 77, p. 136), Plaintiffs' assertions still raise issues of litigation immunity which, if granted, would be case dispositive.

[4] The Broad Defendants incorporate their motions to dismiss entirely in this motion.  The Broad Defendants do not intend to suggest that the other grounds for dismissal are less a reason for a stay pending rulings ion the outstanding Rule 12 motions, but the Broad Defendants do not think it appropriate to re-litigate those motions here.

[5] The Broad Defendants were the attorneys who opposed the Plaintiffs in this case in the underlying litigation, so any discovery sought will raise issues of attorney-client privilege which will likely have to be addressed by the Court.

Memorandum Opinion and Order of the United States District Court for the Eastern District of Virginia transferring this case to the Middle District of Florida (DE 149, 150).  Following the transfer of this case, on May 23, 2014, the Court here entered its Related Case Order and Track Two Notice directing that the parties confer on a Case Management Order and that discovery not proceed until that conference occurred (DE 157).

The Middle District of Virginia noted that it transferred the case because "the interests of justice weigh heavily in favor of transfer on the basis of judicial economy and inconsistent judgments" (DE 149 at p. 12).  The court added, "[n]ot only is this case similar to the Florida Lawsuit, it appears to involve facts and arguments identical to those presented by Curry and others in support of the Florida Lawsuit's Second Amended Counterclaims. See *Mirabilis Ventures, Inc. v. Palaxar Grp., LLC*, 2011 U.S. Dist. LEXIS 104629, at *14-15 (summarizing the procedural history of the Florida Lawsuit). The Second Amended Counterclaims included allegations of intentional interference with an advantageous business relationship and civil conspiracy against Defendants Nexia, Bates, and Mowka, among others.  Although Palaxar has increased the list of Defendants, it has not demonstrated that the claims it brings to this Court differ from those considered by the Florida court such that the interests of justice do not favor transfer" (DE 149 at p. 12).

One reason that the Eastern District of Virginia transferred this case to Florida was assertion by some of the Defendants of the defense of res judicata based on the judgment of this Court in *Mirabilis Ventures Inc., et al. v. Palaxar*, Case No. 6:07-1788-ORL-28GJK (DE 149 at p. 13; DE 24-4, 24-5), which Plaintiffs acknowledge, but describe as a "scrivenor's error" (DE 71 at pp. 23-24; 72 at pp. 6-7).  The Broad Defendants have also asserted the defense of res

judicata.  A stay is appropriate because if the defense of res judicata is applicable to the Court's prior judgment, then disclosures and discovery would be wasteful of the parties' (and potentially the Court's) resources.

Under these unusual and compelling circumstances, a stay of Rule 26 initial disclosures and initial discovery is justified to preserve the parties' and court's resources, at least pending rulings on the pending rule 12 motions.  The granting of either motion would dispose of the case with prejudice and in its entirety.  Discovery in that event would be a waste of time and resources for both sides, and postponing discovery would, in no way, prejudice Plaintiffs.

## MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 26(d)(1), "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  However, the Court has ordered that said meeting take place, and discovery would be permitted after that meeting.

Rule 26(c) authorizes the district court to stay discovery upon a showing of good cause and reasonableness.  *Moore v. Potter,* 2005 WL 1600194 at *3 (11th Cir. July 8, 2005); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Local Rule 3.05(d) provides, "The disclosures required by Fed.R.Civ.P. 26 (including the initial disclosures specified in Rule 26(a)(1)) shall be made in Track Two and Track Three Cases in the time and manner required by that rule unless otherwise ordered by the Court or stipulated by the parties. If the parties stipulate not to exchange initial disclosures, the Court may order the parties to exchange similar information pursuant to Fed.R.Civ.P.16."

The Eleventh Circuit has held that it is a proper exercise of discretion for the district court to stay discovery pending ruling on a motion to dismiss, where the motion if granted will finally

and fully dispose of all pending claims against all defendants. *Moore v. Potter*, 2005 WL 1600194 at *4; *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).  As held by Judge Cohn in the Southern District of Florida:

> The Eleventh Circuit has held that the District Court has the responsibility to manage the discovery process in a manner that avoids abuse of the process and prejudice to the parties. . . . In *Chudasama*, the Eleventh Circuit also held that while some pretrial motions may turn on findings of fact and require some discovery, "[ f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins."

*Staup v. Wachovia Bank, N.A.*, 2008 WL 1771818 at *1 (S.D. Fla. April 16, 2008).

In language applicable to the present situation, the Delaware district court has stated:

> It is within the sound discretion of the Court to postpone discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions. . . . Indeed, such a procedure is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.

*Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Dela. 1979) (citations omitted). This is particularly true where there will be no prejudice to the nonmoving party as a result of the stay, as stated by another district court:

> In the determination of whether to stay discovery while pending dispositive motions are decided, the trial court "inevitably must balance the harm produced by a delay in discovery against the possibility that [a dispositive] motion will be granted and entirely eliminate the need for such discovery." . . . The undersigned finds that plaintiffs have not demonstrated that they would be harmed by a stay of discovery pending determination of the dispositive motions. *Chavous v. District of Columbia Fin. Resp. & Mgmt. Assist. Auth.*, 201 F.R.D. 1, 3-4 (D.D.C. 2001) (citation omitted); see *also Weisman v. Mediq, Inc.*, 1995 WL 273678 at *2 (E.D. Pa. May 3, 1995) ("a stay is proper where the likelihood that such motion [to dismiss] may result in a narrowing or outright

elimination of discovery outweighs the likely harm to be produced
by the delay").

A stay is particularly appropriate until the Broad Defendants' motion to dismiss for lack of subject matter under the Barton doctrine is decided.  In *Lawrence v. Goldberg*, 573 F.3d 1265, 1269 (11th Cir. 2009) (*citing Carter v. Rodgers*, 220 F.3d 1249, 1252 n. 4 (11th Cir.2000)) the Eleventh Circuit held, that, as a matter of federal common law, "a debtor must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity."   In *Lawrence*, the Court extended the Barton Doctrine to "actions against officers approved by the bankruptcy court when those officers function "as the equivalent of court appointed officers,'" *id.* at 1270, including to attorneys for court appointed officers and others.  *Id*. at 1270-71 (citing 28 U.S.C. § 157(a)) (creditors and their counsel were entitled to Barton protection because "[b]y alleging that the creditors, through counsel, hired professionals for their own benefit but billed their fees to the estate, Lawrence essentially claimed that they breached their official fiduciary duties to the Trustee and the bankruptcy court") *McDaniel v. Blust*, 668 F.3d 153, 156-157 (4th Cir. 2012).

Subjecting the Broad Defendants to the obligations of making Rule 26 disclosures and burdens of discovery before their motion to dismiss for lack of subject matter jurisdiction is decided would violate the core policy of the Barton Doctrine, which is to prohibit a Barton protected party from being subjected to the burdens and expense of litigation arising from their bankruptcy related actions without plaintiff first having received permission of the Bankruptcy Court.  In *Lawrence*, the Eleventh Circuit explained, "If [the trustee] is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the

7

court will be impeded.... Without the requirement [of leave], trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive..." *Lawrence*, 573 F.3d at 1269 (*quoting Carter,* 220 F.3d at 1252-53).

The motions to dismiss by the Broad Defendants have merit, and will, if granted, dispose of this matter once and for all. The issues raised in the Defendants' motions do not require discovery, as they concern the interpretation of prior judgments and court orders or appear on the face of the Complaint.  The Broad Defendants therefore request that the Court grant its motion for a temporary stay of discovery, until such time as the Court has ruled on Broad's pending motions to dismiss.

For all of the foregoing reasons, the Court should stay Rule 26 disclosure requirements and discovery in this case pending rulings on the pending motions to dismiss this case.

**COMPLIANCE WITH RULE 3.01(g)**

Pursuant to Local Rules 2.03(b) and 3.01(g), undersigned counsel certifies that he conferred with Richard Knapp, counsel for the Plaintiffs on May 30, 2014, and Plaintiffs' counsel has indicated that Plaintiffs do not oppose this motion.  Plaintiffs have conferred with counsel for the other Defendants, who agree with the relief requested.

/s/Isaac J. Mitrani
Florida Bar No. 348538
imitrani@mitrani.com
Loren H. Cohen
Florida Bar. No. 303879
lcohen@mitrani.com
MITRANI, RYNOR,
   ADAMSKY & TOLAND, P.A.
301 Arthur Godfrey Road, Penthouse
Miami Beach, FL 33140
Tel.:   305/358-0050
Fax:   305/358-0550
Attorneys for Broad and Cassel,
   Nicolette Vilmos, Roy Kobert
   and Todd Norman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of May, 2014, I electronically filed the foregoing document with the Clerk of Court via CM/ECF and that the foregoing document is being served this day on all counsel of record identified below in the manner specified.

Jeanna Bond -      jeanna.bond@csklegal.com
Christine Bredhal - Christie.bredhal@csklegal.com

Stephen G. Charpentier – steve@brevardlawyer.com

Massie Payne Cooper - massie.cooper@troutmansanders.com

Geremy Gregory - ggregory@balch.com

Darren Marshall Hart - Info@Richmond-Law.com

Robert Thomas Hicks  -  robert.hicks@hklaw.com
William B. Wilson -      bill.wilson@hklaw.com
Min K. Cho -         min.cho@hklaw.com

Richard John Knapp - richard@rknappesq.com

David Brendan Lacy - dlacy@cblaw.com
                sbeverly@cblaw.com
Michael W. Smith -   msmith@cblaw.com

Michael Edward Lacy -  michael.lacy@troutmansanders.com

9

Carol Stanton -      carol.stanton@troutmansanders.com

Patrick Ryan Ruttinger - patrick.ruttinger@csklegal.com
                           patrickruttinger@yahoo.com

Kenton Voges Sands - kent@sandswhitesands.com

Dennis Joseph Whelan, III - djw@djwlegal.com

**Notice has been delivered by mail to:**

Frank L. Amodeo
48883-018
B-3
FCC Coleman-Low
P.O. Box 1031
Coleman, FL 33521-1031

Scott M. Goldberg
7773 Sugar Bend Drive
Orlando, FL 32819

Jodi Donaldson Jaiman
533 Tuten Trail
Orlando, FL 32828

Jay Stollenwerk
5009 Pelleport Avenue
Belle Isle, FL 32812

Shane Williams
1562 Hanks Avenue
Orlando, FL 32814
Broad/Palaxar/Pldg/Unopp M-Stay, etc.

                                                    By:  Loren H. Cohen