**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PALAXAR GROUP, LLC and PALAXAR
HOLDINGS, LLC,

      Plaintiffs,

v.                                        Case No: 6:14-cv-758-Orl-28GJK

SHANE WILLIAMS, JAY
STOLLENWERK, JODI DONALDSON
JAIMAN, HARRISON T. SLAUGHTER,
JR., MICHAEL C. MAHER, SCOTT M.
GOLDBERG, MATTHEW SCOTT
MOKWA, AARON CARTER BATES,
ALLEN MCLEAN ESTES, JOHN
RUSSELL CAMPBELL, ERIC
LANGLEY, LINDSAY REESE, SCOTT
SHUKER, ELIZABETH GREEN, ROY
KOBERT, TODD NORMAN,
NICOLETTE VILMOS, ROBERT
O'MALLEY, ROBERT W. CUTHILL, JR.,
BALCH & BINGHAM LLP, BROAD AND
CASSEL, P.A., LATHAM, SHUKER,
EDEN & BEAUDINE, LLP, MAHER LAW
FIRM, PA, NEXIA STRATEGY
CORPORATION and AQMI STRATEGY
CORPORATION,

      Defendants.

## ORDER

    This cause is before the Court on several motions filed by, or pertaining to, non-party Frank Amodeo.

    On April 25, 2014—while this case was pending in the Eastern District of Virginia, where it was originally filed—Amodeo filed a Motion to Appoint a Guardian Ad Litem or Prochiem Ami to Represent Frank Amodeo as Successor-in-Interest to AQMI Strategy Corporation (Doc. 144). Plaintiffs moved to strike that motion. (Docs. 145 & 146). The

case was transferred to the Middle District of Florida in May 2014. On June 27, 2014, Amodeo filed a second Motion to Appoint Guardian Ad Litem (Doc. 222) and also filed notices of appearance on behalf of Defendants Nexia Strategy Corporation and AQMI Corporation (Docs. 221 & 223). On July 8, 2014, Plaintiffs moved to strike all three of those filings. (Doc. 227). On August 8, 2014, Amodeo filed an Answer on behalf of Nexia Strategy and AQMI. (Doc. 240).

On August 12, 2014, the assigned United States Magistrate Judge entered an Order granting Plaintiffs' motions to strike and striking Amodeo's filings. (Doc. 241). Amodeo has filed Objections (Doc. 242) to that Order. Pursuant to 28 U.S.C. § 636(b)(1)(A), "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order [regarding such pretrial matter] is clearly erroneous or contrary to law." Amodeo's objections to the magistrate judge's Order are overruled. As noted in that Order, Amodeo is not a party to this case, and Nexia Strategy and AQMI may only appear through counsel. The magistrate judge's order is not clearly erroneous or contrary to law.

Additionally, after entry of the magistrate judge's order, Amodeo filed a Motion to Intervene and for Appointment of Guardian Ad Litem (Doc. 248). Amodeo's request to intervene is wholly devoid of merit. Amodeo has no interest in Nexia Strategy or AQMI. He was divested of all interest in those corporations through forfeiture orders entered in his criminal case. When he attempted to appeal the November 18, 2009 Final Order of Forfeiture entered in that case with regard to Nexia Strategy and AQMI Strategy, the Eleventh Circuit Court of Appeals dismissed the appeal for lack of jurisdiction, noting that "[t]he district court's October 2, 2008, preliminary order of forfeiture fully and finally resolved all of Frank Amodeo's interests in the properties referenced in the November 18, 2009, final forfeiture order," which included Nexia Strategy and AQMI Strategy. (Appellate Op.,

Doc. 190 in Case No. 6:08-cr-176; see also November 18, 2009 Final Order of Forfeiture, Doc. 177 in Case No. 6:08-cr-176, & October 2, 2008 Preliminary Order of Forfeiture in Case No. 6:08-cr-176).[1] Amodeo has no standing to act on behalf of AQMI or Nexia, and there is no basis for him to intervene in this lawsuit on his own behalf or on behalf of those corporations. Amodeo remains a non-party to this case, and his filings will be stricken.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Amodeo's Objections (Doc. 242) to the magistrate judge's Order (Doc. 241) are **OVERRULED**.

2. Amodeo's Motion to Intervene and Motion for Appointment of a Guardian Ad Litem (Doc. 248) is **DENIED**.

3. The Clerk is directed to strike Amodeo's related filings (Docs. 245, 246, & 250), though these documents need not be removed from the electronic record. **The Clerk shall provide Amodeo with a copy of his order by regular U.S. Mail at the address for his place of incarceration as provided on the docket.**

**DONE** and **ORDERED** in Orlando, Florida, on September 18, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties
Frank Amodeo

---

[1] The cited orders from the criminal case are attached to this Order. Amodeo asserts in his motion to intervene that "[o]n March 11, 2014, this court reopened my criminal judgment and returned possession of AQMI Strategy Corporation to me." (Doc. 248 at 1). Amodeo is apparently referring to the March 11, 2014 Order in his criminal case in which this Court granted the Government's Motion to Vacate the Final Order of Forfeiture as to Nexia Strategy and AQMI Strategy Corporation. (Doc. 208 in Case No. 8:08-cr-176). The Government had requested to be divested of ownership of Nexia Strategy and AQMI, in part because of this lawsuit; however, that Order did not reopen Amodeo's criminal judgment or "return possession" of AQMI to Amodeo. As noted in the text, Amodeo's interests in those corporations were resolved as of October 2, 2008.