UNITED STATES
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PALAXAR Group, LLC and
PALAXAR Holdings, LLC,
                Plaintiff,

-vs-                                       Case #: 6:14-cv-758-Orl-28-KRS

Shane Williams, Jay Stollenwerk,
AQMI Strategy Corportation,
Nexia Strategy Corportation,
Frank L. Amodeo, (Intervention-pending) et al.
                Defendants.

_____/

## NOTICE OF INTENT TO SEEK RECONSIDERATION AND THEN APPEAL

Before this memorandum could be filed, I received, electronically, a summary of your recent orders. Once more, this court makes a decision from an incomplete factual context. Accordingly, within the limitations of Rule 59(e) I will file the appropriate pleadings to seek reconsideration. But prior to that filing please accept the attached (all to revealing) verified statement (originally memorandum in support of the objections) as support for that motion as well as general information, which has been long missing from this court's cognizance and decision calculus.

In the reconsideration motion, I will demonstrate the legal conundrum caused by this court relying upon a presumptively void criminal judgment when deciding merits of the intervention orders and deciding the AQMI representation question; not to mention my discussing the irony of denying me access to the court on the jurisdictional principle of standing, when the sovereign (United States), not

I, initiated the proceedings that brought this matter to my attention and put my interests at risk. Moreover, the government did so, even though its own attorneys knew I was not legally able to manage or control assets let alone the litigation. See *Thomas v. United States*, case # _____ (M.D. Fla. 2014); (USA's Response).

Simply, I think you are wrong on the relevant law governing standing and intervention, but I will need the time to double check my understanding of those rule, and then time to prepare the proper pleadings. Pleadings, which will explain why controlling, or at least guiding, authority suggests that I should be allowed to participate in these proceedings. Of course, If you do not reconsider the matter, then I need to appeal that decision, and thus this court still needs to appoint me a guardian ad litem or an attorney or both to assist with those stages. Fed. R. Civ. P. Rule 17(c) (2014). Again an issue I will more thoroughly discuss in the brief.

Finally, the attached statement (memorandum) helps explain why, despite the fact that I can make such a bold statement about the principles governing intervention and standing, I still need assistance in prosecuting the reconsideration or appeal.[1] Hopefully, my private thoughts will help not only me but also others similarly-situated whom this court has a duty to protect.

Respectfully submitted this 25th day of September 2014 by:

Frank L. Amodeo, 48883-018
FCC – Low Unit B-3
PO Box 1031
Coleman, FL 33521-1031

---

[1] As the memorandum explains, because of my condition your orders are virtually impossible for them to read or even listen to. When, like these recent ones, they reference other documents, which I do not have access to here at prison (no internet, limited storage space) thus cannot apply my "workaround" solution to , I cannot give other people documents to read out-loud so I can listen to and then draft a response from my memory. See generally Memorial in Support of Reconsideration, which is contemporaneously filed.