UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Palaxar Group, L.L.C. and
Palaxar Holdings, L.L.C.,

      Plaintiff,

-vs-                                Case No.6:14-cv-758-Orl-28KRS

Frank L. Amodeo, et al.,
(intervenor, counter-claim plaintiff)

      Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF PENDING MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM AND NOTICE OF LACK OF GUARDIAN'S IMPACT ON APPELLATE PROCEEDINGS**

On or about November 21, 2014, I sought the appointment of a guardian ad litem to assist me with the decision on how to pay for an appeal; that is whether to pay directly, via an in forma pauperis application, or even to abandon the appeal and not pay at all. That guardian motion has not yet been adjudicated and thus my ability to prosecute the appeal has been hampered.

Notably, under circuit authority, I am entitled to a guardian (or its equivalent) and this court is obligated to make such an appointment. Fed. R. Civ. P. 17(c). Although Rule 17(c) does not define "incompetent person", every court to have examined the issue has concluded that the term is defined by reference to the law of the incompetent's domicile state. Fed. R. Civ. P. 17(b). See, e.g., **Thomas v. Humfield,** 916 F.2d 1032, 1035 (5th Cir. 1990); **Donnelly v. Parker,** 486 F.2d 402, 406 (D.C. Cir. 1973); **Scannavino v. Florida Dep't. of Corr.,** 242 F.R.D. 662, 663 (M.D. Fla. 2007) (Merryday, J.) (A litigant's capacity to sue must be determined "by the law of the litigant's domicile" and if the litigant lacks capacity to sue, then a "guardian ad litem" is needed). As previously demonstrated the State of Florida has



deprived me of my capacity to sue, my capacity to contratc, and right to engage in financial transactions; thus bringing me within the scope of Rule 17. Accordingly, this court has a duty under Rule 17(c) to provide me with the assistance necessary to avoid the loss of my rights to appeal, see also **Roberts v. Ohio Casualty Ins. Co.**, 256 F.2d 35 (5th Cir. 1958).

In the absence of this court's appointing a guardian, I am effectively denied access to the court of appeals since I am unable to meet the threshold obligation concerning the filing fees. Therefore, out of a sense of caution, I bring to the court attention the pending guardianship motion which is ready for disposition.

Respectfully submitted this 22nd day of December 2014 by:

Frank L. Amodeo 48883-018
FCC - Low    Unit B-3
P.O. Box 1031
Coleman, FL 33521-1031

3

## Certificate of Service

This motion was delivered in a pre-addressed, postage-paid envelope to prison authorities on the same day as signed. The parties to this action appear to either be registered, or represented by counsel who is registered with the CM/ECF docketing system: thus the objecter requests that notice of the filing and service to this motion on the parties occur through that system's electronic medium.

*/s/ Frank L. Amodeo*
Frank L. Amodeo

## Verification

Under penalty of perjury as authorized in 28 U.S.C. §1746, I declare the factual allegations and factual statements contained in this motion are true and correct to the best of my knowledge.

*/s/ Frank L. Amodeo*
Frank L. Amodeo