# United States District Court
## Middle District Of Florida
### Orlando Division

**PALAXAR GROUP, LLC and
PALAXAR HOLDINGS, LLC,**

   **Plaintiffs,**

**v.**              **Case No:   6:14-cv-758-Orl-28GJK**

**SHANE WILLIAMS, JAY
STOLLENWERK, JODI DONALDSON
JAIMAN, HARRISON T. SLAUGHTER,
JR. , MICHAEL C. MAHER, SCOTT M.
GOLDBERG, MATTHEW SCOTT
MOKWA, AARON CARTER BATES,
ALLEN MCLEAN ESTES, JOHN
RUSSELL CAMPBELL, ERIC
LANGLEY, LINDSAY REESE, SCOTT
SHUKER, ELIZABETH GREEN, ROY
KOBERT, TODD NORMAN,
NICOLETTE VILMOS, ROBERT
O'MALLEY, ROBERT W. CUTHILL,
JR. , BALCH & BINGHAM LLP,
BROAD AND CASSEL, P.A., LATHAM,
SHUKER, EDEN & BEAUDINE, LLP,
MAHER LAW FIRM, PA, NEXIA
STRATEGY CORPORATION and
AQMI STRATEGY CORPORATION,**

   **Defendants.**

_____

## Report And Recommendation

   This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 273)** |
| **FILED:** | **November 28, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On October 17, 2014, Frank Amodeo, who is not a party to this action, filed a Notice of Appeal (Doc. No. 263) with respect to this Court's order (Doc. No. 251) denying Amodeo's motion to intervene and motion to appoint guardian ad litem (Doc. No. 248).   On November 28, 2014, Amodeo filed an affidavit and motion seeking to appeal in forma pauperis (the "Motion").   Doc. No. 273.   The matter has been referred to the undersigned United States Magistrate Judge for a report and recommendation.

## I.    THE LAW.

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim.  *See* 28 U.S.C. § 1915.   The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*, including motions to proceed on appeal without prepayment of fees.  Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)   the allegation of poverty is untrue; or
> (B)   the action or <u>appeal</u> --
>      (i)   is frivolous or malicious;
>      (ii) fails to state a claim on which relief
>           may be granted; or
>      (iii)   seeks monetary relief against a

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.   Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

defendant who is immune from
such relief.

28 U.S.C. § 1915 (e)(2) (formerly § 1915 (d)) (emphasis added).   A party may not take an appeal

*in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.   28 U.S.C.

§ 1915(a)(3). "Good faith" within the meaning of Section 1915 must be judged by an objective,

not a subjective, standard.   *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also United*

*States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), *aff'd.,* 896 F.2d 558 (11th Cir. 1990).

A petitioner demonstrates good faith when he seeks appellate review of any issue that is

not frivolous.   *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United*

*States*, 354 U.S. 521 (1957)(absent some evident improper motive, the applicant establishes good

faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400

(5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*,

130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one

which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J.

1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v.*

*Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953)(the application should be denied if the trial court is of

opinion that the appeal is frivolous, and without merit, and a futile proceeding).

## II.   <u>ANALYSIS.</u>

In its order denying Amodeo's motion to intervene and motion to appoint guardian ad

litem, the Court found that Amodeo's motion to intervene "is wholly devoid of merit," because he

has no remaining interest in the named defendants – Nexia Strategy Corporation or AQMI Strategy

Corporation – by operation of forfeiture orders entered in his criminal case (6:08-cr-176-Orl-

28GJK).   Thus, there was no legitimate basis for Amodeo to intervene in this case on behalf of

Nexia Strategy Corporation or AQMI Strategy Corporation. Accordingly, it is **RECOMMENDED** that the Court:

1. Find the appeal is frivolous and not taken in good faith;

2. **DENY** the Motion (Doc. No. 273);

3. Certify that the appeal is not taken in good faith; and

4. Direct Amodeo to pay the appellate filing fee.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 23, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy