UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Palaxar Group, L.L.C. and
Palaxar Holdings, L.L.C.,

    Plaintiff,

v.                                              Case No. 6:14-cv-758-Orl-28KRS

Frank L. Amodeo, et al.
(intervener, counter-claim plaintiff)

    Defendant,

_____/

## AMODEO'S OBJECTION TO THE MAGISTRATE'S JANUARY 23, 2015 REPORT

The magistrate recommends denying the application for in forma pauperis because, as a non-party, I cannot raise a nonfrivolous issue for appeal. The magistrate misses the point of the most recent motion, but illuminates the problem with this and my other cases. Throughout these (and the other) proceedings, I have not been legally competent to pursue the actions. Yet, this court has refused to provide me the assistance required by law.[1]

---

[1] With the limited exception of appointing an attorney in the habeas action. Notably, Mr. Rose also believes a guardian is needed. (2255, Doc. #103).

~ 1 ~

The magistrate's report fails to address the threshold matter of whether this court should appoint a guardian ad litem, or the equivalent, to assist me with the decision of whether to appeal and, if so, whether to pay the filing fee in cash, or by in forma pauperis application, or otherwise. Moreover, concerning the frivolity of the appeal, the magistrate is simply wrong.[2] As this court should be aware from its prior history with Rule 24 actions (see generally *Cox Enterprises v. News Journal Corp.*, 2009 Dist. LEXIS 80585 (M.D. FLA. 2009), the very question of whether a pro se litigant should be allowed to intervene is itself a nonfrivolous claim. The viability of my intervention should not have been addressed prior to a determination of whether Rule 17 entitles me to assistance in preparing the intervention complaint. *Solomon Smith Barney v. Harvey*, 260 F.3d 1302 (11th Cir. 2001) (it is clear that the court must take some action to protect the interest of the incompetent before adjudicating the merits of the claims); see *Berrios v. New York Housing Authority*, 564 F.3d 130 (2nd Cir. 2008); see also *Allen v. Calderon*, 408 F.3d 1150 (9th Cir. 2005) (the habeas court abused its discretion by dismissing the petition without complying with Rule 17(c)); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 2005) (In the non-habeas civil context, if an "incompetent person is unrepresented the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c).").

---

[2] In the past Judge Kelly took advantage of my ignorance and illness to effectively "blow me off" with conclusory findings that there were technical deficiencies in my pleadings. Admittedly, my writing skills at the time were pitiful, but he also knew (or should have known) I was incapable of complying with the judicial directions. Now, however, my four years of treatment have made me somewhat more capable. Although this process (even though less factual and more legal) will still cause me physical torture, I should not become catatonic as before.

My objections proceed in two parts: first, a brief recitation of the guardian ad litem law;[3] and second, an examination of the intervention's operative facts.

### 1. A federal court must appoint a guardian ad litem to assist a civil litigant when the litigant's domicile state has removed the litigants' capacity to sue.

A federal court is obligated to appoint a guardian ad litem to assist a person when the person's domiciliary state has removed the person's capacity to sue. *Scannavino v. Fla. Dept. Of Corr.*, 242 F.R.D. 662, 63 (M.D. Fla. 2007) (Merryday J.) (A litigant's capacity to sue must be determined "by the law of the litigants domicile" and if the litigant lacks capacity to sue, then a "guardian ad litem" is needed). Although Rule 17(c) does not define "incompetent person," every court to have examined the issue has concluded that the term is defined by reference to the law of the incompetent's domicile state. Fed. R. Civ. P. 17(b); 17(c). See e.g., *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990); *Donelly v. Parker*, 486 F.2d 402, 406 (D.C. Cir. 1973).

As previously demonstrated the State of Florida has deprived me of my capacity to sue, my capacity to contract, and right to engage in financial transactions: thus bringing me within the scope of Rule 17. Accordingly, this court has a duty under rule 17(c) to provide me with the assistance necessary to avoid the loss of my rights to appeal. See also *Roberts v. Ohio Casualty Ins. Co.*, 256 F.2d 35 (5th Cir. 1958).

---

[3] This issue has been exhaustively briefed both earlier in this case and in my various other filings, accordingly I will not inundate the court with excessive repetition.

2. **This court's denial of my motion to intervene, while disregarding the evidentiary presumptions regarding Rule 24(a) intervention creates a nonfrivolous issue for appeal.**

Preliminary, it is relevant that a district court's order denying a motion to intervene is an immediately appealable final order. *Am. Civil Liberties Union of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1092 (8th Cir. 2011).

> A. **The magistrate, and this court before him, have too narrowly constructed the terms "relating to the property or transaction" and "interest in" the property or transaction. The necessary legal detriment for intervention may result from the practical impairment of assets, reputational damage directly related to the underlying matter, the preclusive effect of a finding in the current proceeding, etc.**

In denying my request to intervene, this court concluded that I had no interest in the corporate entities and that I had no interest in the outcome of the proceedings. An inexplicable inference, since this court recently "gave me back AQMI" and "gave me Nexia." Plus, a necessary result of the proceedings is a determination of whether I, as AQMI's sole principal, used AQMI to defame Ms. Curry, et. al. A result, which affects not only my reputation but also precludes me from raising a challenge related to the underlying conduct in a separate action. The result could also keep me from defending against a claim, which is based on the underlying conduct if that underlying conduct is material to another action.[4] In other words, under the dominant theories of issue preclusion, a decision in this case not only could affect my (now exempt) AQMI assets, but also could impact my personal reputation, and might generate a negative legal presumption for other

---

[4] That Ms. Curry was defamed or could be defamed in this context exceeds the boundaries of absurdity, but in the light of quantum theories suggesting that all possibilities, even this ludicrous concept may exist. At this stage we must accept that some kings' men might be able to put Humpty Dumpy back together again. See *Fund Animals, Inc. v. Norton*, 322 F.3d 728, 733-34 (D.C. Cir. 2003).

actions. [5] Additionally, I have a personal claim on the proceeds of the Nexia (renamed Palaxar) products, since I and AQMI advanced some of the development funds. Therefore, assuming as we must, that Palaxar's allegations are provable, I have a sufficient interest in the matter to intervene.

## Corporate Assets

Significantly, at the request of the government, this court returned the assets of the, supposedly, "shell" corporations to me. Thus, in the light of that order, it is incredible - as the magistrate maintained - that this court now asserts I have no interests in AQMI or Nexia. See *United Sates v. Amodeo*, Case No. 6:08-cr-176-Orl-28-GJK, Doc. #208 (Order "unforfeiting" AQMI Strategy Corporation and Nexia Strategy Corporation). Whether, as I contend, AQMI never left my control or whether as a result of this court's 2014 orders, AQMI's (and Nexia's) [6] assets are now mine [7] (and not subject to either seizure or judgment). Accordingly, any event which would impair or encumber those assets affects my property interest. See *Reassure AmLife Ins. Co., v. Shomers*, 265 F.R.D. 672 (S.D. Fla. 2010) (when disposition of the underlying proceeding, as a practical matter, may impair the intervener's ability to prove entitlement to certain proceeds-a sufficient interest is established). The assets of AQMI and Nexia, effectively belong to me, including

---

[5] The Supreme Court accepts that certain scenarios provide for the use of nonmutual defensive collateral estoppel. See *Parklane Hosiery*, Co., Inc.,v. Shore, 439 U.S. 322 (1978); see also *Amodeo v. Berman, Keane and Riguera, R.A., el, at.*, case no. 08-CA-31333 (Orange County Circuit Court, June 1, 2011).

[6] The Nexia order is arguably not yet final since I have it on appeal, but of course this court's attempt to avoid addressing the guardianship issue has that appeal stalled as well.

[7] Of course subject to my wife's marital claims, which are currently pending in the divorce action; also stayed while the divorce court resolves the guardianship issue. The State of Florida also has deprived me of my right to make marital decisions.

their causes of action against Palaxar and its principals. Hence, this litigation's outcome directly affects my personal assets and interests.

### Legal Detriment: Pecuniary and Reputational

A decision against AQMI has adverse reputational consequences for me individually, and generates equally adverse judicial consequences for me. In the decisions I have located, the courts which have addressed whether reputational risk is enough to meet the Rule 24 standards, have generally, but not always found that reputational risk alone is insufficient, it must be coupled with some pecuniary interests. See, e.g., *Floyd v. City of N.Y.*, 770 F.3d 1051 (2nd Cir. 2014); *Grochocinski v. Mayer Brown Rowe and Maw, LLP*, 719 F.3d 785, 798, n.10 (7th Cir. 2013); *Edmonson v. Nebraska*, 383 F.2d 123, 127 (8th Cir. 1967) (holding that an injury to reputation alone does not constitute a legal detriment sufficient to justify intervention). Notably, an exception to that general rule exists when the underlying matter is the core of the reputational risk. Cf. *Sierra Club v. U.S. Army Corps of Eng'rs.*, 709 F.2d 175, 176 (2nd Cir. 1983) (intervener's interest in professional reputation insufficient to justify intervention because it does not relate to the merits of the underlying action). In this instant, since my reputational risk and the underlying matters are nearly identical, the reputational risk alone serves as a sufficient basis for intervention: if AQMI defames Ms. Curry, then I just have done so. [She is well aware this is an impossibility, which is why she chose not to name me or serve the complaint against AQMI]. And I remind the court the current question is not whether I can intervene but whether there is a non frivolous issue for appeal.

Significantly, my claims are not purely reputational; both AQMI and I invested significant sums of money in the development of Nexia's (now Palaxar's) antifraud software, thus, I also have pecuniary claim (if only in quantum merit)

against the property and parties in this action. Consequently, the more esoteric questions need not be examined in order for this court to reject the magistrate's report.

> **B. Application of this circuit's four prong test to my operative facts reveals not only is my intervention argument firmly based in law and fact, but also it is meritorious.**

With the allegations already presented, I meet the Rule 24(a) test for intervention. The Eleventh Circuit holds that to intervene as a matter of right and intervening party must demonstrate that:

1. His application to intervene is timely;

2. He has an interest relating to the property or transaction, which is the subject of the action;

3. He is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and

4. His interest is represented inadequately by the existing parties to the suit.

*Cox Enterprises*, 2009 Dist. LEXIS at 80585 (M.D. Fla. 2009)(Antoon II, J.)(Quoting *Fox v. Tyson Foods Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008)).

Before applying the test, I highlight the proper question and articulate the relevant evidentiary presumptions. The current question is not whether I may intervene, but merely whether it is conceivable that I can intervene. If there is any legal basis for my argument, then my appeal is not frivolous, and the magistrate's basis for denying in forma pauperis evaporates.

When conducting the cursory analysis for intervention and frivolity, this court must presume all my factual allegations are true. See *United States v. Metro St. Louis Sewer Dist.*, 569 F.3d 829, 834 (8th Cir. 2009) (a court ruling on a motion

to intervene must accept as true all material allegations in the motion and must construe the motion in favor of the prospective intervener).

Under these rules, the nonfrivolous nature of my seeking intervention becomes apparent:

1. I timely entered the proceedings on AQMI's behalf as soon as the government told me about this lawsuit (Palaxar never served me or AQMI). Then once this court decided to change its precedent and not let me represent AQMI, I sought to intervene individually in order to protect my claim on AQMI's assets, protect my claim on Nexia's assets, protect my reputation and protect myself against preclusive adverse rulings.

2. My interests, both financial and reputational, are directly, related to and affected by the outcome of this action. That is because I solely controlled AQMI. If AQMI defamed Palaxar, et. al., then so must I have defamed them. Plus, as AQMI's only shareholder and creditor, I had to protect my interests in AQMI's assets, thus I have a direct interest in the action.

3. If Palaxar gets a judgment then the reputational damage is done and cannot be readily corrected by me, especially since I am not allowed to sue on my own behalf, plus any of these parties could obtain a judgment against Nexia's assets or even against Ms. Curry's assets. Assets, which properly belong to AQMI, or the United States, but in the absence of contemporaneous resolution my interests the likelihood is that our (mine, AQMI, Nexia) claims would be subordinated to others or, (as a practical matter) lost altogether. And,

4. The other parties certainly cannot protect my or AQMI's interests. The low threshold for this prong is established: First because many, if not all, of the other parties have one ethical conflict or another with AQMI or me or both. Second, this court's order, which is the genesis of these objections and subject of the appeal, treats AQMI and Nexia different than all the other parties.

Therefore, assuming my allegations are true, I meet the Rule 24(a) test for intervention as a right. Correspondingly, I meet the nonfrivolous standard for proceeding in forma pauperis, and Judge Kelly's recommendation should be rejected.

Respectfully submitted this 5th day of March, 2015 by:

*[signature]*

Frank L. Amodeo, #48883-018
FCC – Low Unit B-3
P.O. Box 1031
Coleman, FL 33521-1031

### Certificate of Service

The parties to action appear to either be registered, or represented by counsel who is registered with the CM/ECF docketing system; thus the objector requests that notice of the filing and services of this motion on the parties occur through that system's electronic medium.

*[signature]*

Frank L. Amodeo

### Verification

Under penalty of perjury as authorized in 28 U.S.C. §1746, I declare that the factual allegations and factual statements contained in this document are true and correct tot eh best of my knowledge.

*[signature]*

Frank L. Amodeo