United States District Court
For The Middle District of Florida
Orlando Division

Palaxar Group, LLC, et al.,

versus

Balch and Bingham, LLC, et.al.,

and

Frank Louis Amodeo,
Intervener,
and
Interested Party.

FILED
2015 MAR 26  PM 12: 19
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Case No. 6:14-cv-00758-JA-GJK

Original Filed in Appeals No. 14-14745-C

## Notice of Filing Subject-Matter Jurisdiction Memorandum-Response Filed in the 11th Circuit

The Eleventh Circuit Court of Appeals directed the parties to file a response to a question on jurisdiction. I cross notice the memorandum to this court to ensure that all parties who are part of CM/ECF system receive notice. And to suggest that this court may issue an indicative ruling that if remanded, then it would dismiss the action outright for lack of subject-matter jurisdiction.

Respectfully submitted this 23rd day of March 2015 by:

Frank L. Amodeo
Federal Correction Complex
(Low)
P.O. Box 1031
Coleman, Fla. 33521
Unit B3
Reg # 48883-019

### Certificate of Service

At the current time, copying is unavailable at Coleman (Low) so I must rely on the CM/ECF service for notice. The plaintiffs were served by US Mail.

No. 14-14745-C

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

PALAXAR GROUP LLC, et al.,
a Virginia Limited Liability Company
PALAXAR HOLDINGS LLC,
a Virginia Limited Liability Company,

Plaintiff-Appellees,

versus

Balch and Bingham, LLC, et al.,

Defendants,

and

Frank Louis Amodeo,

Interested Party-Appellant.

District Court Docket No: 6:14-cv-00758-JA-GJK
*************************************************************

**MEMORANDUM IN RESPONSE TO THE COURT'S QUESTION
ON SUBJECT-MATTER JURISDICTION**

Palaxar's allegations are inadequate to invoke federal diversity jurisdiction. A party invoking federal diversity jurisdiction must allege all the facts necessary for that jurisdiction. See **Mallory and Evans Contractors and Engineers, L.L.C. v. Tuskegee Univ.**, 663 F.3d 1304, 1305 (11th Cir. 2011); **Cabalceta v. Standard Fruit Co.**, 883 F.2d 1553, 1557 (11th Cir. 1989). That includes identifying and pleading the citizenship of each member of any noncorporate, limited-liability-enterprise party to the action. See **Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC**, 374 F.3d 1020, 1022 (11th Cir. 2004). Palaxar fails to identify its members and their citizenship. Likewise, Palaxar omits the identity and citizenship of most of the limited-liability defendants' members. On these pleadings, neither this court nor the district court before it has subject-matter jurisdiction and the action should be dismissed.

2

This response proceeds in the following manner:

**First,** a discussion of how a pleading's deficient jurisdictional allegations may be cured by amendment or record evidence. But, also, how an actual jurisdictional defect existing at the time of filing cannot be corrected by subsequent action.

**Second,** a discussion of how the plaintiffs and Nexia Strategy Corporation are both citizens of Virginia thus extinguishing diversity jurisdiction.

**Third,** discourse on how a Palaxar member, Frank Hailstones, like many of the defendants, is a citizen of Florida for diversity purposes; once again extinguishing diversity jurisdiction.

**Fourth,** a general review of the record; which reveals too much factual uncertainty for this court to decide the subject-matter jurisdiction action. Accordingly, if the action is not dismissed outright, then it should be remanded to the district court for evidentiary proceedings.

### Deficient Pleadings are Curable; Lack of Jurisdiction is Not

Palaxar's incoherent complaint misses the pleading requirement for diversity jurisdiction altogether. Of course, through amendment or admission, defective jurisdictional allegations may be corrected. **28 U.S.C. §1653, Fed. R. Civ. P. 15(a).** But, jurisdictional defects run deeper than poor draftsmanship or deficient pleading.

Palaxar's defect is not merely a matter of deficient pleading, Palaxar actually lacks diversity jurisdiction. Two examples of Palaxar's factual problems are: (1) Nexia Strategy Corporation's principal place of business is Richmond, Virginia, and (2) Palaxar's members include Frank Hailstones, a British citizen, who has permanent residency in the State of Florida. Consequently, even if Palaxar could reliably identify all the entities' individual members (as well as their citizenship)—and Palaxar has not



indicated it has such a capability[1] Palaxar cannot cure the actual jurisdictional defect, i.e., a lack of complete diversity.

A pleading defect may be cured by an amendment, but an actual jurisdictional defect, existing at the time of the proceeding's commencement, cannot be cured by amendment or admission. Arena v. Graybar Elec. Co., Inc., 669 F.3d 214, 218 (5th Cir. 2012) (Rule 15(a) and §1653 "do not permit creation of jurisdiction when none existed at the time the original complaint was filed"); see generally Grupo Dataflux v. Atlas Global Grp, L.P., 541 U.S. 567, 571 (2004) ("regardless of the costs imposed" the outer limits of federal jurisdiction must be honored); but see Newman-Green Inc., v. Alfonzo-Lorrain, 490 U.S. 826 (1989) (describing a narrow range of circumstances when a federal court might cure a jurisdictional defect through Federal Rule of Civil Procedure 21). The current state of these proceedings, Palaxar's limited capabilities, and the indispensibility of the nondiverse parties makes our jurisdictional defect irremediable.

### Nexia Strategy Corporation is a Citizen of Virginia

A corporation is a citizen of every state where it is incorporated or where it has its principal place of business. See 28 U.S.C. §1332(c)(1). The precise definition of "principal place of business" remains unsettled, but generally encompasses a location where the corporation's operations are

---

[1]. A Seventh Circuit opinion articulates what some of the parties must be thinking. "Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes imposed on their jurisdiction? Does it really matter. . . . The sky will not fall if federal courts occasionally stray outside the proper bounds. But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk. And since we are not investigative bodies . . . . [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction." Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006).



4

controlled or directed. See Hertz Corp. v. Friend, 559 U.S. 77, 90-92 (2010) (The corporation's headquarters is usually its principal place of business; provided that its headquarters was the business's actual center of direction, control, and coordination; and not simply an office where the corporation held its board meetings). A defunct corporation's principal place of business is the last territory where the business's principals or officers directed the business's affairs.[2/] Nexia's last operating headquarters was in Richmond, Virginia, where Palaxar's principals developed (the then Nexia) Palaxar antifraud softwares. Notably, Nexia was located in its sister company's (Hoth Holdings, LLC) Richmond, Virginia building.

### A Palaxar Member is a "Citizen" of Florida

A foreign citizen who has permanent residency in a particular United States state is a citizen of that state for diversity purposes. 28 U.S.C. §1332(c)(2) (2014). Palaxar cannot establish complete diversity between its members and the current defendants,[3/] since, for diversity purposes, Mr.

---

2/. Although I could find no definitive Eleventh Circuit decision on the citizenship of a dissolved corporation. The Second Circuit supports the proposition that a corporation is a citizen if the state where it last transacted businees. M. Passalacqua Builders, Inc. v. Resnick Developers S.l, Incl.l, 933 F.2d 131, 141 (2d Cir. 1991). The Third Circuit takes the opposite approach stating, that a dissolved corporation's citizenship is only in the state of incorporation. See Midlantic Nat'l Bank v. Hanson, 48 F.3d 693, 697-98 (3d Cir. 1995). Other circuits have rejected a bright line test and instead require a fact specific analysis. See, e.g., Athena Automotive v. DiGregorio, 166 F.3d 288, 291 (4th Cir. 1991); Harris v. Black Clawson, Cc., 961 F.2d 547, 550 (5th Cir. 1992). Finally, the D.C. Circuit concluded that when a corporation takes formal steps to withdraw from a state and surrenders its authority to do business then the state of incorporation is the test for citizenship. Ripalda v. Am. Ops. Corp., 977 F.2d 1464, 1468-69 (D.C. Cir. 1991). [In the light of the circuit split, the case as far too much significance to be decided on the mediocre record now available to this court.] FLA.

3/. The Supreme Court held that regardless of whether a member of an LLC can be a proper party on its own, the member's citizenship cannot be disregarded for purposes of determining the LLC's citizenship. See Carden v. Arakoma Assocs., 494 U.S. 185 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members . . . ." (internal quotation marks omitted)).



Hailstones (a British citizen) is a citizen of Florida—as are most of the defendants. And there are other Palaxar members (e.a., Laurie Holtz) who are either citizens of Florida or Alabama, thus nondiverse to one defendant or another. Accordingly, from the beginning, the federal district court lacked subject-matter jurisdiction over this action, thus the action must be dismissed. Cf. **Hedge Capital Investments Limited, et al., v. Sustainable Growth, et al.,** 2014 U.S App. LEXIS 22798 (11th Cir. 2014).

### Factual Record is Insufficient to Determine Diversity

The underlying record is replete with jurisdictional questions; like the effect of Nexia's forfeiture on its citizenship (Palaxar attempted to perfect service by serving the Virginia office of the United States Attorney). At the time of filing this complaint, the United States owned Nexia and had allowed the entity to dissolve. Relatedly, the district court's odd transfer of Nexia from the United States to me raises other questions, since I never previously owned Nexia. The "unforfeiture" is now on appeal to this court in a separate case. See **United States v. Amodeo,** case no. 6:08-cr-176-Orl-28WK Notice of Appeal (M.D. Fla. Oct. 2014).

Equally, since the Nexia dissolution resulted in its assets being transferred to its shareholder, which is now presumably my guardianship estate; my Florida guardianship may impact the diversity question. 28 U.S.C. §1332(c)(2) (2014). Plus, there has not been any mention of Mirabilis Ventures, Inc. (Nexia's original shareholder) and what the consequences of Mirabilis's bankruptcy proceedings are on the diversity question. It is noteworthy that Mirabilis Ventures, Inc.'s Chapter 11 was jointly administered with Hoth, L.L.C. See **In re: Mirabilis Ventures, Inc.,** case no. 6:08-bk-04327-

JSJ (Bankruptcy M.D. Fla. May 2008); Hoth Holdings, L.L.C., case no. 6:08-bk-04328KSJ (Bankruptcy M.D. Fla. May 2008). As previously mentioned, Hoth Holdings owned the Richmond, Virginia headquarters of Nexia Strategy Corporation, which is where the "Palaxar" antifraud software was developed. The primary point of this paragraph is that the factual record is so underdeveloped that prosecution of this appeal is not only premature but also wasteful of both the parties' and the court's resources. At a minimum, the matter should be remanded to the district court for evidentiary proceedings. **Belleri v. United States**, 712 F.3d 543, 548 (11th Cir. 2013) (When a court of appeals discovers "a serious question regarding the factual predicate for subject-matter jurisdiction we should remand for finding to resolve the jurisdiction question"); see **Travaglio v. American Express, et al.**, 735 F.3d 1286 (11th Cir. 2013). The existing record and the existing pleadings are inadequate to determine if diversity jurisdiction exists.

## CONCLUSION

"For diversity jurisdiction to be proper, the court must be certain that all plaintiffs have a different citizenship from all defendants." **Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N.A.**, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing **Strawbridge v. Custiss**, 7 U.S. (3 CRANCH) 267 (1806)). On this record the only certainty is that nothing is certain; this court should dismiss the action outright.

Respectfully submitted this 22 day of March 2015 by:

2nd Original

Frank L. Amodeo #48883-019
FCC – Low
P.O. Box 1031
Coleman, Fl 33521-1031

7

## Verification

I declare the foregoing statements to be true and correct to the best of my knowledge and memory. Of course my current incarceration limits my ability to verify some of the information, with that qualification, as authorized by 28 U.S.C. §1746, I verify this pleading under penalty of perjury.

Frank L. Amodeo

## Certificate of Service

At the current time the Coleman prison photocopier is broken and I do not have access to sufficient mailing stamps to serve all the parties by first class mail. Therefore, I am cross-noticing this memorandum in the district court case. The consequence of the cross-notice, the district court will serve the response via the CM/ECF system. That is, the response will be sent to all the parties. I have mailed a copy by first class mail to Palaxar's counsel on the same day as sent to he court of appeals.

March 21, 2015

Frank L. Amodeo