**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PALAXAR GROUP, LLC and PALAXAR
HOLDINGS, LLC,

    Plaintiffs,

v.                                     Case No: 6:14-cv-758-Orl-28GJK

SHANE WILLIAMS, JAY
STOLLENWERK, JODI DONALDSON
JAIMAN, HARRISON T. SLAUGHTER,
JR., MICHAEL C. MAHER, SCOTT M.
GOLDBERG, MATTHEW SCOTT
MOKWA, AARON CARTER BATES,
ALLEN MCLEAN ESTES, JOHN
RUSSELL CAMPBELL, ERIC
LANGLEY, LINDSAY REESE, SCOTT
SHUKER, ELIZABETH GREEN, ROY
KOBERT, TODD NORMAN,
NICOLETTE VILMOS, ROBERT
O'MALLEY, ROBERT W. CUTHILL, JR.,
BALCH & BINGHAM LLP, BROAD AND
CASSEL, P.A., LATHAM, SHUKER,
EDEN & BEAUDINE, LLP, MAHER LAW
FIRM, PA, NEXIA STRATEGY
CORPORATION, and AQMI STRATEGY
CORPORATION,

    Defendants.

## ORDER TO SHOW CAUSE

This case is before the Court on limited remand from the U.S. Court of Appeals for the Eleventh Circuit. (See Doc. 293). The Eleventh Circuit notes in the remand order that it "cannot determine whether the parties were in fact diverse," and it has *sua sponte* remanded this case to this Court "for the limited purpose of determining whether [this Court] had diversity jurisdiction." (Id. at 1).

Plaintiffs initially filed this case in federal court in the Eastern District of Virginia, invoking federal jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). (See Compl., Doc. 1, ¶ 29). "When jurisdiction is based on diversity of citizenship . . . the plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979).

For purposes of determining whether diversity jurisdiction exists, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "A limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.'" Mallory & Evans Contractors and Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011) (quoting Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)); see also Village Fair Shopping Ctr. Co. v. Sam Broadhead Tr., 588 F.2d 431, 433 (5th Cir. 1979) (noting that for diversity purposes, the citizenship of a partnership "depends on the citizenship of each of its partners"). "'To sufficiently allege the citizenships of these incorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . .'" Mallory & Evans, 663 F.3d at 1305 (alteration in original) (quoting Rolling Greens, 374 F.3d at 1022).

"[U]nincorporated associations do not themselves have any citizenship, but instead . . . the citizenship of each of their members [must be proved] to meet the jurisdictional requirements of 28 U.S.C. § 1332." Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1086 (11th Cir. 2010). And "the complaint must allege the citizenship, not

residence, of the natural defendants." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011).

Plaintiffs' Complaint (Doc. 1) does not specifically allege each party's citizenship. This Court can, on remand, "giv[e] the plaintiffs an opportunity to amend their defective pleadings." Am. Motorists Ins. Co., 600 F.2d at 16 (citing 28 U.S.C. § 1653). Accordingly, it is **ORDERED** that **on or before Tuesday, September 15, 2015**, Plaintiff shall **SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Orlando, Florida, on September ___, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties
Frank Amodeo

3